# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

NICHOLAS GAROUFALIS,

    Plaintiff,

v.

COUNTY OF WAYNE, et al.,

    Defendants.

Case No. 4:21-cv-10170
Hon. Matthew F. Leitman
Mag. Judge Elizabeth A. Stafford

---

| | |
|---|---|
| JOHNSON LAW, PLC<br>Paul F. Doherty (P36579)<br>Marco C. Masciulli (P77502)<br>Ven R. Johnson (P392129)<br>*Attorneys for Plaintiff*<br>Buhl Building<br>535 Griswold St., Ste. 2632<br>Detroit, MI 48230<br>(313) 324-8300<br>pdoherty@venjohnsonlaw.com<br>mmasciulli@venjohnsonlaw.com | CHAPMAN LAW GROUP<br>Jonathan C. Lanesky (P59740)<br>Nicholas B. Pillow (P83927)<br>*Attorneys for Defendants Wellpath, LLC; Dione Wilson, L.P.N.; Margaret Barden, N.P.; Venus Graham, R.N.; Mary Humes, R.N.; and Latanya Meadows, R.N.*<br>1441 W. Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>jlanesky@chapmanlawgroup.com<br>npillow@chapmanlawgroup.com |
| WAYNE COUNTY CORP. COUNSEL<br>Allegra M. Mason (P77534)<br>John Boufford (P55313)<br>*Attorneys for Wayne Cnty Defendants*<br>500 Griswold, 30th Floor<br>Detroit, MI 48226<br>(313) 520-4471<br>amason1@waynecounty.com<br>jboufford@waynecounty.com | |

**<u>STIPULATED QUALIFIED PROTECTIVE ORDER PERMITTING DISCOVERY OF PLAINTIFF'S PROTECTED HEALTH INFORMATION THROUGH FORMAL AND INFORMAL DISCOVERY</u>**

This matter having come before this Court upon the parties' stipulation for the entry of a Qualified Protective Order, Plaintiff NICHOLAS GAROUFALIS having placed his medical condition at issue with the filing of this lawsuit, discovery of pertinent Protected Health Information ("PHI") being necessary for the proper Defense of Plaintiff's claims, and the Court otherwise being fully advised in the premises;

WHEREAS, Defendants ability to meet with Plaintiff NICHOLAS GAROUFALIS' medical providers is governed by the Health Insurance Portability and Accountability Act ("HIPAA") because the meetings involve the release of protected healthcare information. See 45 CFR 164.512(e)(1). According to HIPAA's regulations, defense counsel may meet with Plaintiff's treating physicians via a Qualified Protective Order. As such, the parties stipulate to the entry of such an order.

**IT IS HEREBY ORDERED** that, the parties Attorneys are hereby authorized to receive subpoenas and document requests and transmit "protected health information" to the extent and subject to the conditions outlined herein.

(a) For the purposes of this qualified protective order, "protected health information" shall include the definitions set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, medical records, test results, medical bills, or demographic information,

        relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(b)     All parties, third parties and "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information in the above-captioned litigation.

(c)     The parties' attorneys shall be permitted to use or disclose the protected health information produced under this stipulated protective order for purposes of prosecuting or defending this action only, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process, so long as these persons first execute an agreement to abide by this stipulated protective order, the form of which is provided below in the attached Acknowledgement of Stipulated Qualified HIPAA Protective Order. Counsel shall take all other reasonable steps to ensure that persons receiving protected health information do not use or disclose such information for any purpose other than this litigation.

**IT IS FURTHER ORDERED** that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all defendants are granted a Qualified Protective Order to conduct *ex parte* meetings with NICHOLAS GAROUFALIS' treating physicians and medical providers, provided that defendants:

(a) Do not disclose NICHOLAS GAROUFALIS' protected health information beyond the purpose of this litigation;

(b) Return or destroy the protected health information after this litigation has concluded;

(c) Notify NICHOLAS GAROUFALIS' treating physicians and health care providers of the purpose of the meetings, that they may have their own counsel present if they wish, and that the meetings are voluntary; and

(d) Provide a copy of this Order to any treating physicians and healthcare providers with whom a meeting is requested.

**IT IS FURTHER ORDERED** that, defense counsel are not required to give prior notice to Plaintiff or Plaintiff's counsel of any *ex-parte* meetings with NICHOLAS GAROUFALIS' treating physicians and/or medical providers and Plaintiff and/or anyone on his behalf are prohibited from contacting NICHOLAS GAROUFALIS' treating physician(s) and/or medical provider(s) to instruct them not to meet with defense counsel, or in any way attempting to discourage them from said meeting. Notwithstanding the prior statement, nothing in this order shall be

deemed to penalize Plaintiff or his counsel for responding to communications from NICHOLAS GAROUFALIS' treating physician(s) and/or medical provider(s) explaining the purpose and nature of this Order. Neither Plaintiff nor Plaintiff's counsel shall be allowed to attend such defense counsel meetings.

**IT IS FURTHER ORDERED** that, within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to this order, shall return protected health information to the covered entity or destroy any and all copies of protected health information received in litigation, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

**IT IS SO ORDERED.**

**This is not a final order and does not close the case.**

Dated: November 17, 2023               s/Elizabeth A. Stafford
                                       Elizabeth A. Stafford
                                       United States Magistrate Judge


Approved as to form and content:


*/s/ Marco C. Masciulli w/permission*
JOHNSON LAW, PLC
Paul F. Doherty (P36579)
Marco C. Masciulli (P77502)

Ven R. Johnson (P392129)
*Attorneys for Plaintiff*
Buhl Building
535 Griswold St., Ste. 2632
Detroit, MI 48230
(313) 324-8300
pdoherty@venjohnsonlaw.com
mmasciulli@venjohnsonlaw.com


/s/ Nicholas B. Pillow
Chapman Law Group
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
*Attorneys for Defendants Wellpath, LLC; Dione Wilson, L.P.N.; Margaret Barden, N.P.; Venus Graham, R.N.; Mary Humes, R.N.; and Latanya Meadows, R.N.*
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com


/s/ Allegra M. Mason w/permission
Wayne County Corp. Counsel
Allegra M. Mason (P77534)
John Boufford (P55313)
*Attorneys for Wayne Cnty Defendants*
500 Griswold, 30th Floor
Detroit, MI 48226
(313) 520-4471
amason1@waynecounty.com
jboufford@waynecounty.com